UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-212-HRW

CONNIE FELTY,                                                        PLAINTIFF,

v.              **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on November 8, 2001[1], alleging disability

---

[1] Plaintiff filed a subsequent application on October 17, 2003 which was denied initially and on reconsideration. This claim has been rendered duplicate and is associated with the current case [Tr. 22].

beginning on June 24, 2001, due to pain in her left hip, low back, neck, left foot and right arm. This application was denied initially, on reconsideration and in an Administrative Law Judge decision dated March 14, 2003. Plaintiff requested review. Although the Appeals Council initially denied the request, the denial was vacated and the claim remanded for further proceedings on January 5, 2005.

On May 6, 2005, an administrative hearing was conducted by Administrative Law Judge James D. Kemper (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 872-892). At the hearing, Leah Salyers, a vocational expert (hereinafter "VE"), also testified (Tr. 893-898).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

2

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 26, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 22-33). Plaintiff was 43 years old at the time of the hearing decision. She has a tenth grade education and past relevant work experience as a newspaper pressman, cashier and stock clerk (Tr. 23).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 32).

The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative disc disease of the cervical and lumbar spine, obesity, right shoulder strain, an atypical depressive disorder and borderline intellectual functioning, which he found to be "severe" within the meaning of the Regulations (Tr. 32).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 32). In doing so, the ALJ specifically considered listings 1.00, 12.00, 12.02 and 12.04 (Tr. 24-26).

3

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 32) but determined that she has the following residual functional capacity ("RFC"):

> The claimant is able to lift or carry twenty pounds occasionally and ten pounds frequently. She can occasionally climb, balance, stoop, kneel, crouch and crawl. She should avoid overhead reaching. The claimant is moderately limited in her ability to understand, remember and carry out detailed instructions; interact appropriately with the general public; and respond appropriately to changes in the work setting.

(Tr. 32).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work, such as clerical worker, companion to the elderly and product packager (Tr. 32). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 31). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on September 17, 2005 (Tr. 12-14).

4

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

(6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not adequately consider Plaintiff's conditions under the listings (2) the ALJ failed to properly assess Plaintiff's credibility (3) the ALJ did not consider the combined impact of Plaintiff's impairments and (4) the hypothetical propounded to the VE by the ALJ was incomplete.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not adequately consider Plaintiff's conditions under the listings. Specifically, Plaintiff contends that she meets the requirements of section 12.05( c), which provides for presumptive disability due to mental retardation.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419,

6

2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet **all** the requirements specified in the Listing." *Id.* (emphasis added). This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530. In other words, it is insufficient for a claimant to almost meet the requirements of a listed impairment. *See, Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986).

Listing 12.05 provides in pertinent part:

> 12.05 *Mental retardation:* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested

7

> during the developmental period; *i.e.,* the evidence
> demonstrates or supports onset of the impairment before
> age 22.
> The required level of severity for this disorder is met when the
> requirements in A, B, C or De are satisfied.
> . . . .

In this case, Plaintiff argues that she satisfies the severity requirements set forth in Subpart C:

> A valid verbal, performance, or full scale IQ of 60
> through 70 and a physical or other mental impairment
> imposing an additional and significant work-related
> limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05.

Although Plaintiff has the requisite IQ score in the low 60s (Tr. 817-821), based upon the language of the Listing, that is not the end of the inquiry. Plaintiff must show that her impairment met or equaled the diagnostic description for mental retardation set forth in the introductory paragrapgh of Listing 12.05 and that she had another impairment "imposing an additional and significant work-related limitation of function." *Id.*

Based upon the evidence of record, Plaintiff's impairment does not meet or equal the diagnostic description of mental retardation. For example, consultative examiner, Stuart Cooke, Ph.D., a licenses clinical psychologist who administered

8

the aforementioned IQ tests, noted that Plaintiff had borderline intellectual functioning, not mental retardation (820, 821). This is consistent with the opinions of other consultative psychologists who saw Plaintiff, all of whom estimated that she had average to low average intellectual functioning with no mention of mental retardation (Tr. 201-206, 443-448 and 683-687).

Further, the listing requires an "additional and significant work-related limitation of function." Yet the record reveals an educational and work history inconsistent with a finding of "significant work-related limitation of function" (Tr. 105-110, 117-122).

Based upon the record, the Court finds that the Plaintiff has not carried her burden in proving that she meets the requirements set forth in Listing 12.05( c).

Plaintiff's second claim of error is that the ALJ failed to properly assess Plaintiff's credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's credibility as a witness to be "poor" with regard to her allegations of disabling pain (Tr. 29). Subjective claims of disabling pain must be

9

supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

Although Plaintff has had a series of operations of her left foot (Tr. 148-161, 417-422 and 688-700), the surgeons who treated Plaintiff did not suggest that she was precluded from work-related activity as a result.

Similarly, the record reveals no disabling condition resulting from fusion surgery on Plaintiff's cervical spine in January 2002 or shoulder surgery in July 2002. In fact, treatment notes indicate improvement in Plaintiff's neck condition and that her pain is controlled with medication (Tr. 512-513, 568). In fact, the only limitation in this context pertains to overhead reaching, which is reflected in the RFC.

As for Plaintiff's complaints of back pain, the record is devoid of objective findings which would support a significant back impairment.

Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster.

Further, Plaintiff's own testimony undermines her claim of disabling impairment. For example, he ALJ noted that "contrary to her testimony that she is only able to sit for 15 to 20 minutes, Plaintiff sat through the entire 45 minute hearing without signs of discomfort" (Tr. 29).

10

Finally, the ALJ found that despite allegations of disabling impairments, Plaintff engages in a wide variety of household and other daily activities. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). In this case, the record reveals that Plaintiff drives, shops, does laundry, housework and cooking, and attends sporting events.

Based upon the evidence of record, the Court finds no error in the ALJ's assessment of Plaintiff's credibility as it is supported by substantial evidence.

Plaintiff further contends that the ALJ did not consider the combined impact of Plaintiff's impairments.

In this case, the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation and that he considered all symptoms in making his ultimate assessment. As the Defendant points out, such articulations have been found to be sufficient. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Furthermore, Plaintiff has not explained in what manner the ALJ failed to consider the combined effect of her impairments. Nor has she shown that the combined affects of his impairments would result in limitations not reflected in the ALJ"s assessment of his RFC. As such, Plaintiff's

11

contention is without merit.

Finally, Plaintiff argues that the hypothetical propounded to the VE by the ALJ was incomplete. Again, the Court is not persuaded. Plaintiff's argument appears to be based upon her dissatisfaction with the ALJ's decision, nothing more.

It is axiomatic that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This __31__ day of July, 2006.

                                                    Henry R. Wilhoit, Jr., Senior Judge